# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vollers Excavating & Construction, Inc.

## DEFENDANTS
Boro Developers, Inc. d/b/a Boro Construction and Liberty Mutual Insurance Company

**(b)** County of Residence of First Listed Plaintiff: **Somerset, NJ**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew L. Erlanger, Esq.(306855), Cohen Seglias
1600 Market St., 32n Fl., Philadelphia, PA 19103
(215) 564-1700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | / [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | |
| | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | / **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | / [ ] 550 Civil Rights | | | |
| | [ ] 448 Education / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Breach of construction contract, violation of Pennsylvania Commonwealth Procurement Code, breach of obligations under a payment bond

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $731,684.01

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: February 1, 2021

SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew L. Erlanger

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Note:**

**This Designation Form must be <u>signed</u> before submission to the Clerk's Office *or a case number will not be assigned*.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3311 U.S. 22, North Branch, NJ 08876__

Address of Defendant: __400 Feheley Drive, King of Prussia, PA 19406/ 175 Berkeley Street, Boston, MA 02116__

Place of Accident, Incident or Transaction: __300 Longfellow Road, Wyncote, PA 19095__

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] **is** / [ ] **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/01/2021__     _____     __PA 306855__
                         *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. [✓] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Matthew L. Erlanger__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __02/01/2021__     _____     __PA 306855__
                         *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VOLLERS EXCAVATING & CONSTRUCTION, INC.<br>3311 U.S. 22<br>North Branch, NJ 08876<br><br>      Plaintiff,<br><br>   v.<br><br>BORO DEVELOPERS, INC. d/b/a<br>BORO CONSTRUCTION<br>400 Feheley Drive<br>King of Prussia, PA 19406<br><br>  and<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>175 Berkeley Street<br>Boston, MA 02116,<br><br>      Defendants. | NO._____<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

  Plaintiff, Vollers Excavating & Construction, Inc. ("Vollers"), by and through its undersigned counsel, Cohen Seglias Pallas Greenhall & Furman, P.C., hereby files this Complaint against Boro Developers, Inc. d/b/a Boro Construction ("Boro") and Liberty Mutual Insurance Company ("Liberty Mutual"), and in support thereof avers the following:

### Parties

  1. Vollers is a New Jersey corporation with its principal place of business located at 3311 U.S. 22, North Branch, New Jersey 08876.

  2. Upon information and belief, Boro is a Pennsylvania corporation with its principal place of business located at 400 Feheley Drive, King of Prussia, Pennsylvania 19406.

6790814.1 52507-0022

3. Upon information and belief, Liberty Mutual is a Massachusetts corporation with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred herein.

## Background

6. On or about March 9, 2016, the Cheltenham Township School District (the "School District") awarded to Boro the general construction contract and the electrical construction contract on a project known as "Additions and Alterations to Cedarbrook Middle School" located at 300 Longfellow Road, Wyncote, Cheltenham Township, Montgomery County, Pennsylvania 19095 (the "Project").

7. The School District is a Pennsylvania school district organized and existing under the Pennsylvania Public School Code of 1949, 24 P.S. § 1-101 *et seq.*, with its principal place of business located at 2000 Ashbourne Road, Elkins Park, Cheltenham Township, Montgomery County, Pennsylvania 19027.

8. In order for Boro to complete its scope of work on the Project, Boro and Vollers entered into a subcontract entitled Agreement Between Contractor and Subcontractor (the "Subcontract") and dated April 6, 2016, pursuant to which Boro agreed to pay Vollers $3,467,00.00, and Vollers agreed to perform the site work on the Project, including site clearing; earthwork; trenching, backfilling and compaction; soil erosion and sediment control; hot-mix

asphalt paving; site unit pavers; pavement markings; tennis court surfacing; running track surfacing; athletic equipment and site furnishings; segmented retaining; water distribution; testing and disinfecting water mains; gravity wastewater sewer; sanitary utility sewerage structures; and storm drainage (the "Base Contract Work"). A true and correct copy of the Subcontract is attached hereto and incorporated herein as **Exhibit A**.

9. Under the Pennsylvania Public Works Contractors' Bond Law of 1967, 8 P.S. § 191 *et seq.*, Boro was obligated to furnish a payment bond to the District for the protection of those providing labor and materials to the Project.

10. In order to fulfill this statutory obligation, on or about March 9, 2016, Boro and Liberty Mutual entered into Payment Bond No. 019-053-402 (the "Bond"). A true and correct copy of the Bond is attached hereto and incorporated herein as **Exhibit B**.

11. Pursuant to the terms of the Bond, Liberty Mutual agreed to be bound, jointly and severally with Boro, to the obligations to make payment to claimants supplying labor or materials to the Project.

12. During its performance of the Work on the Project, Vollers performed extra work at Boro's direction consisting of additional tree protection fence, widening of driveways, adding 100 linear feet of 15" HDPE pipe, additional water line revisions, undercutting unsuitable soil at a retaining wall, backfilling undercuts with onsite material, installing geotextile fabric for undercuts, installing structural fill at undercuts, transporting soils, footing backfills, and performing soil erosion control, the value of which totaled $62,643.44.

13. Additionally, during the course of the Project, Vollers encountered contaminated soils on the Project site, which constituted a differing site condition, for which Vollers is not responsible under the Subcontract.

14. As a result of the differing site condition, Vollers was unable to complete its work on the Project in August 2017, as reflected in the Project schedule at the time Vollers executed the Subcontract.

15. Moreover, as a result of the differing site condition, Vollers incurred $433,919.51 in additional labor and material costs.

16. Vollers faithfully performed the work of the Subcontract and provided all documentation to receive payment for its work.

17. Vollers performed the last of its labor and/or furnished or supplied the material for which it seeks payment on April 23, 2019.

18. Vollers' work was complete and satisfactory.

19. Following completion of Vollers' work, amounts remained due and owing on account of the Base Contract Work and the extra work identified above.

20. These amounts remained due and owing for more than 90 days after completion of Vollers' work and, accordingly, on June 5, 2020, Vollers submitted a Notice of Claim to Liberty Mutual, seeking payment in the amount of $1,091,796.13, inclusive of $436,486.36 in Base Contract Work, the above-referenced amounts for extra work, as well as interest.[1]  A true and correct copy of the Notice of Claim is attached hereto and incorporated herein as **Exhibit C**.

21. Following submission of Vollers' Notice of Claim and, specifically, on July 22, 2020, Vollers and Liberty Mutual entered into a tolling agreement to extend the time for Vollers to commence an action on the Bond, which agreement Vollers and Liberty Mutual further extended on October 15, 2020, and January 4, 2021. A true and correct copy of the tolling agreement is

---

[1] In the Notice of Claim, Vollers included $76,034.55 in lost opportunity costs relating to Vollers additional labor and materials on the Project between August 2017 and April 23, 2019.  Because these lost opportunity costs do not represent labor and materials incurred in performance of work on the Project, Vollers is removing $76,034.55 from its damages.

4

attached hereto and incorporated herein as **Exhibit D**.  A true and correct copy of the October 15, 2020 email correspondence extending the tolling agreement to December 15, 2020 is attached hereto and incorporated herein as **Exhibit E**.  A true and correct copy of the January 4, 2021 email correspondence extending the tolling agreement through January 14, 2021 is attached hereto and incorporated herein as **Exhibit F**.

22. Based on its terms, within thirty days of the expiration of the tolling agreement, Vollers is obligated to file its complaint seeking payment under the Bond, which obligation Vollers is fulfilling through its filing of the instant complaint.  (Ex. D).

23. In October 2020, Boro sent Vollers a check for $201,401.30, reducing the amount due and owing on account of the Base Contract Work to $235,085.06 (the "Contract Balance").

24. The School District paid Boro in full for the Contract Balance.

25. Despite Boro being paid in full for the Contract Balance, both Boro and Liberty have failed and refused to provide payment for any amounts for the labor and materials that Vollers provided to the Project that remain due and owing totaling $731,648.01, exclusive of interest, fees, and costs.

## COUNT I
### Breach of Contract
### <u>Vollers v. Boro</u>

26. Vollers hereby incorporates the preceding paragraphs as if fully set forth herein.

27. On or about April 6, 2016, Vollers and Boro entered into the Subcontract for Vollers to perform the site work on the Project.  (Ex. A).

28. Vollers performed all of its work under the Subcontract, including all extra work performed at the direction of Boro, in a good and workmanlike manner and in accordance with the terms of the Subcontract.

29. To date, despite Vollers' repeated requests and demands, Boro has failed and refused to pay Vollers for monies owed under the Subcontract.

30. Boro's failure to make payment is in breach of the Subcontract.

31. As a direct and proximate result of Boro's breach of the Subcontract, Vollers has sustained damages in the amount of $731,648.01.

**WHEREFORE**, Plaintiff Vollers Excavating & Construction, Inc. hereby respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Boro Developers, Inc. d/b/a Boro Construction as to Count I of its Complaint in the amount of $731,648.01 plus interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
### Unjust Enrichment (In the Alternative to Count I)
### Vollers v. Boro

32. Vollers hereby incorporates the preceding paragraphs as if fully set forth herein.

33. Vollers provided labor, equipment and materials to the Project at the specific request and benefit of Boro.

34. Boro has enjoyed the benefit and use of Vollers' labor, materials and services.

35. Boro's retention of costs associated with labor, equipment and materials supplied by Vollers without compensating Vollers for the reasonable value for such items would be unjust.

36. The amount requested by Vollers is reasonable.

37. The reasonable value of the labor, materials, equipment and services provided by Vollers to Boro that remains unpaid is $731,648.01.

**WHEREFORE**, Plaintiff Vollers Excavating & Construction, Inc. hereby respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Boro

Developers, Inc. d/b/a Boro Construction as to Count II of its Complaint in the amount of $731,648.01 plus interest, costs, and such other and further relief as this Court deems just and proper.

### COUNT III
### Violation of the Commonwealth Procurement Code, 62 Pa.C.S.A. § 3901 *et seq.*
### Vollers v. Boro

38. Vollers hereby incorporates the preceding paragraphs as if fully set forth herein.

39. The School District, the owner of the Project, is a "Government agency" within the meaning of Section 3902 of the Commonwealth Procurement Code, 62 Pa.C.S.A. § 3902 (the "Code").

40. Boro is a "Contractor" as defined by the Code.

41. Vollers is a "Subcontractor" as defined by the Code.

42. Despite having received payment from the School District for the Contract Balance, Boro has refused to make payment on account of any portion of the $235,085.06 for the Base Contract Work due and owing to Vollers.

43. Instead, Boro has withheld these amounts without explanation irrespective of Vollers' satisfactory completion of its work on the Project, as evidenced by the School District never having issued any notices of deficiency concerning Vollers' work on the Project.

44. Boro's refusal to make payment is in direct violation of the Code and such action is arbitrary, vexatious, and in bad faith.

45. Boro's refusal to pay Vollers for all labor and materials that Vollers provided to the Project for which Boro has received payment violates the Code and entitles Vollers to recover

statutory interest on the withheld balance, a penalty in the amount of one percent per month on all such monies improperly withheld, and reasonable attorneys' fees and costs.

46. The aforementioned damages will continue to accrue during the pendency of this action.

47. Boro's failure to pay Vollers in full for all labor and materials for which payment has been made by the School District is in violation of the Code, entitling Vollers to interest, penalties, and attorneys' fees.

**WHEREFORE**, Plaintiff Vollers Excavating & Construction, Inc. hereby respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Boro Developers, Inc. d/b/a Boro Construction as to Count III of its Complaint in the amount of $235,085.06 plus interest, penalty in the amount of 1% per month, costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper

## COUNT IV
## Breach of Bond Obligation
## Vollers v. Liberty Mutual

48. Vollers hereby incorporates the preceding paragraphs as if fully set forth herein.

49. The Bond obligates Liberty Mutual to satisfy Boro's payment obligations to Vollers.

50. Liberty Mutual is obligated to satisfy Boro's payment obligations to Vollers because Vollers has completed its performance and otherwise complied with the terms and conditions of the Subcontract and the Bond.

51. It has been more than 90 days since Vollers' last date of work, and Boro has not made payment to Vollers.

52. As a subcontractor to Boro that provided labor and materials to the Project, Vollers is a claimant under the Bond and an intended beneficiary under the Bond both according to the terms of the Bond and the Public Works Contractors' Bond Law of 1967.

53. By letter dated June 5, 2020, Vollers provided Liberty Mutual with notice of its claim and a statement of the amounts due.

54. The Notice of Claim set forth Vollers' claim against Boro for labor and materials provided to the Project on account of which $731,648.01 remains due and owing, exclusive of interest, fees, and costs.

55. Liberty Mutual has refused to make payment for $731,648.01 for labor and materials that Vollers provided to the Project.

56. As a direct and proximate cause of Liberty Mutual's conduct, Vollers has sustained damages in the amount of $731,648.01, plus interest and costs.

**WHEREFORE**, Plaintiff Vollers Excavating & Construction, Inc. hereby respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Liberty Mutual Insurance Company as to Count IV of its Complaint in the amount of $731,648.01 plus interest, costs, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

BY: /s/ Matthew L. Erlanger
GEORGE E. PALLAS, ESQUIRE
MATTHEW L. ERLANGER, ESQUIRE
*Attorneys for Plaintiff Vollers Excavating & Construction, Inc.*

Date:   February 1, 2021