IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VOLLERS EXCAVATING & CONSTRUCTION, INC.**<br>　　　　　　　**Plaintiff,**<br>　　　v.<br>**BORO DEVELOPERS, INC.,** *et al.*<br>　　　　　　　**Defendants.** | CIVIL ACTION NO. 21-455 |

## MEMORANDUM OPINION

**RUFE, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　September 29, 2022

In this construction dispute, Plaintiff Vollers Excavating & Construction, Inc. sued Defendants, Boro Developers, Inc. and its surety, Liberty Mutual Insurance Company, seeking amounts allegedly owed for extra work, for delays caused by a differing site condition (contaminated soil), and on the contract balance. Boro was a prime contractor on a construction project for the Cheltenham Township School District; Vollers was a subcontractor. Boro has asserted a counterclaim against Vollers and filed a third-party complaint against the School District. Vollers has moved to dismiss Boro's counterclaim and for sanctions, and the School District has moved to dismiss the third-party complaint.

**I.　　BACKGROUND**

The School District awarded Boro the general construction contract and the electrical construction contract for a project at Cedarbrook Middle School. Boro and Vollers entered into a subcontract for Vollers to provide site work such as site clearing, earthwork, trenching, backfilling and compaction, and soil erosion and sediment control. Vollers alleges that it performed extra work at Boro's direction, and that it encountered contaminated soils which constituted a differing site condition beyond the scope of Vollers's responsibility under the

subcontract which prevented Vollers from completing its work according to the original schedule. Vollers alleges that Boro has been paid in full but owes Vollers $731,648.01, which includes a balance on the contract, the extra work, and the costs associated with the differing site conditions.

Vollers filed this suit asserting claims against Boro for breach of contract, unjust enrichment, and violation of the prompt payment provisions of the Commonwealth Procurement Code.[1] Vollers also asserted a claim against Liberty for breach of its bond obligation. Boro filed a motion asserting that the School District was an indispensable party and seeking dismissal or an order requiring Vollers to join the School District. The Court denied the motion, holding that the School District was not an indispensable party to the dispute between Boro and Vollers, and that Boro could file a third-party claim against the School District if necessary to protect Boro's interests.[2] Boro then filed a counterclaim against Vollers and a third-party complaint against the School District. Also pending is an action in the Court of Common Pleas of Montgomery County, Pennsylvania, in which Boro sued the School District for damages resulting from project delays.[3]

## II.    MOTIONS TO DISMISS

### A.  Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Complaint "must contain sufficient factual matter . . . to state a claim . . . that is plausible on

---

[1] 62 Pa. Stat. §§ 3901, *et seq*.

[2] Order of Sept. 8, 2021 [Doc. No. 10].

[3] *Boro Developers v. Cheltenham Area Sch. Dist.*, No. 2020-02500 (Montgomery C.C.P. filed Feb. 11, 2020).]

its face."[4] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[6] Any attached exhibits "[are] a part of the pleading for all purposes," and will be considered by the Court.[7]

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal of any claim over which the district court lacks subject matter jurisdiction.[8] A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case.[9] The plaintiff has "the burden of proof that jurisdiction does in fact exist."[10]

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction."[11] "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Id.* at 663 (citing *Twombly*, 550 U.S. at 556).

[6] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

[7] Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

[8] Fed. R. Civ. P. 12(b)(1).

[9] *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

[10] *Id.* at 302 n.3.

[11] *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted).

thereto, in the light most favorable to the plaintiff."[12] "In reviewing a factual attack, the court may consider evidence outside the pleadings."[13]

### B. Vollers' Motion To Dismiss Boro's Counterclaim

In its Counterclaim, Boro asserts that under the subcontract, Vollers is responsible for costs and expenses associated with prosecuting a claim on Vollers' behalf against the School District, and that Vollers must pay "all fees, costs, expenses, including attorneys' fees, incurred by Boro in the prosecution of its claims against the School District for alleged compensation which Vollers seeks . . . ."[14] Vollers has moved to dismiss, arguing that Boro has not prosecuted any claim on behalf of Vollers with the School District.[15]

Article 17.1 of the Subcontract provides in relevant part:

> If during the course of completing this Subcontract work, a dispute or claim should arise due to the actions of the Owner, the Contractor, in its sole discretion may allow and direct the Subcontractor to submit such claims to the Contractor and after determined claim has merit submit their claim on behalf of the Subcontractor under the Contract Disputes Act or any state public works Contractor's Contract Dispute procedures and laws. In any event, all costs and expenses, including attorneys' fees and expert witness fees associated with prosecuting such claim shall be borne solely by Subcontractor and Subcontractor shall, prepare, submit and prosecute any such claims without loss, cost or expense to Contractor. Upon receipt of any funds from the Owner pertaining to the resolution of said claims, the Contractor agrees to forward [to] the Subcontractor all monies received, less only applicable mark-up due the Contractor and any amount required to otherwise compensate Contractor for the amounts due Contractor hereunder. The Subcontractor agrees to defend, indemnify and hold the Contractor harmless for all actions of the Owner that would initiate an action under any claim.[16]

---

[12] *Id.* (citations omitted).

[13] *Id.* (citation omitted).

[14] Counterclaim ¶ 6.

[15] Doc. No. 20.

[16] Doc. No. 20 Ex. B.

4

Article 17.1 is not a fee-shifting provision; it requires the Subcontractor (Vollers) to pay the costs that the Contractor (Boro) incurs in prosecuting Vollers's claim with the Owner (the School District). This has not happened here. Boro does not dispute that it did not submit Vollers's delay claim to the School District and Vollers's claim is not included in the state court action. Because Boro did not "submit [a] claim on behalf of the Subcontractor," it cannot recover under Article 17.1.

Boro attempts to segregate out the phrase "[i]n any event, all costs and expenses, including attorneys' fees and expert witness fees associated with prosecuting such claim shall be borne solely by Subcontractor," and apply it to the contribution claim disregards the surrounding language of Article 17.1. "[I]n determining the intent of the contracting parties, all provisions in the agreement will be construed together and each will be given effect."[17] Read as a whole, there is no doubt that Boro must assert an affirmative claim on behalf of Vollers before Vollers is responsible for any costs or expenses.[18]

Boro also refers to Article 17.2, in which the Subcontractor agrees to make any claims to the Contractor in a timely manner and in accordance with the prime contract documents, and Article 17.4, which requires the Subcontractor to notify the Contractor and the Owner before commencing work on any condition "which forms the basis of a claim for extra compensation or time."[19] Neither of these provisions contradicts the plain language of Article 17.1. Boro argues

---

[17] *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009) (citation omitted).

[18] Contracts are to be interpreted according to the parties' intent, and where "a written contract is clear and unambiguous, the parties' intent is contained in the writing itself." *Wert v. Manorcare of Carlisle PA, LLC*, 124 A.3d 1248, 1259 (Pa. 2015). "Unless otherwise specified, a contract's language shall be given its plain and ordinary meaning." *Id.* (citing *TruServ Corp. v. Morgan's Tool & Supply Co.*, 39 A.3d 253, 260 (Pa. 2012)).

[19] Article 17.4 provides in full that:

> If the Subcontractor encounters any condition which forms the basis of a claim for extra compensation or time, or any other type of claim, it shall be its duty to give written notice to the

that Vollers did not assert its claim until more than a year after the project was completed and that Boro is asserting Vollers's claim now, at Boro's first opportunity, in the contribution claim in the third-party complaint Boro filed against the School District. However, as Vollers argues, what Boro is doing by asserting contribution against the School District is "not prosecuting a claim; instead, it is defending a claim, and seeking to deflect liability if unsuccessful."[20] Boro is certainly entitled to take the position, as it has in its Answer, that Vollers's claim is untimely and frivolous; but it is not entitled to have Vollers pay for its attorneys.[21]

### C. School District's Motion to Dismiss Boro's Third-Party Complaint

The School District has moved to dismiss the Third-Party Complaint, which asserts claims for contribution (Count I), breach of contract (Count II), constructive fraud (Count III), unjust enrichment (Count IV), and violation of the Procurement Code (Count V).[22] Count I seeks contribution or indemnity in the event that Vollers prevails against Boro in this case. Counts II-V seek compensation for damages that Boro allegedly incurred as a result of the School District's actions. The School District argues first that the pending state court action argues in favor of abstention. The Court agrees in part and will stay Counts II-IV of the Third-Party Complaint.

---

Contractor and Owner prior to commencing any work involving said condition so the Owner and Contractor may inspect said condition and take such steps as the Owner and Contractor deem necessary. In the absence of such notice to the Owner and Contractor, Subcontractor shall be fully liable for any and all expense, loss or damage resulting from said condition. It is also agreed that Subcontractor shall not be entitled to any additional payment or compensation under this Subcontract without the express written approval of Contractor. No officer, employee or agent of Contractor or of Owner is authorized to direct any Extra Work by oral order except minor changes in the work not involving extra cost or time.

[20] Reply Brief [Doc. No. 24] at 2.

[21] Boro argues that the contribution claim in the Third-Party Complaint incorporates Vollers's claims of differing site conditions. However, Boro explicitly alleges in the Third-Party Complaint that "[i]f the allegations of Vollers are true, *such allegations being specifically denied by Boro*, then such damages caused to Vollers result [*sic*] the differing site conditions on the Project which are attributable solely to the School District, and are in no way [the] responsibility of Boro." Am. Third-Party Compl. [Doc. No. 18] ¶ 29 (emphasis added).

[22] Doc. No. 18.

"The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding."[23] "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter."[24] If the proceedings are parallel, the Court must consider "(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties."[25] "The balancing of factors is heavily weighted in favor of the exercise of jurisdiction."[26]

With one exception, the proceedings are parallel because the substance of the claims brought by Boro against the School District have been asserted in the state court action.[27] The contribution claim, which relates directly to Vollers's claims, is not part of the state-court litigation and abstention is not appropriate as to Count I. The Court will apply the balancing test as to Counts II-IV. The first two factors do not weigh either in favor of or against abstention, as there is no property at issue, and the School District agrees that the federal courthouse in Philadelphia is not an inconvenient forum.[28] The remaining factors weigh strongly in favor of

---

[23] *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[24] *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (holding that "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" (quoting *Colorado River*, 424 U.S. at 817).

[25] *Chambers v. Wells Fargo Bank, N.A.*, 726 F. App'x 886, 888 (3d Cir. 2018) (internal quotation marks and citations omitted).

[26] *Nationwide*, 571 F.3d at 307 (internal quotation marks and citation omitted).

[27] *See* Mem. Supp. Mot. Dismiss Third-Party Compl. Ex. A [Doc. No. 30-2] (Boro's state-court complaint asserting claims for breach of contract, unjust enrichment, and violation of the Procurement Code against the School District).

[28] *Chambers*, 726 F. App'x at 889 (finding that when both fora are convenient, the factor "does not weigh either in favor or against abstention").

abstention. Boro's state-court action was filed first, state law controls, and construction disputes are commonly brought in state court, which will adequately protect the parties' interests. Because Boro's claims for damages against the School District should be resolved in a single forum rather than duplicated in two courts, the Court will stay Counts II-IV of the Third-Party Complaint.[29]

### III. MOTION FOR SANCTIONS

Vollers moves for sanctions against Boro and its counsel under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Boro contends that sanctions are unwarranted.

Rule 11 sets out the ethical rules governing the conduct of individuals making representations to federal courts and authorizes courts to penalize parties who breach those rules. Rule 11(b) provides that attorneys and unrepresented parties who present pleadings, written motions, or other papers to the court are inherently certifying, "to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances," that their filings are not frivolous, meritless, or made in bad faith.[30] Rule 11(c) allows a court to impose sanctions on "any attorney, law firm, or party that violate[s] [Rule 11(b)] or is responsible for [such] violation."[31] These sanctions serve the primary purpose of deterring "baseless filings in district court,"[32] and are "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[33] Sanctions under Rule 11 may

---

[29] The School District also argues that there is no supplemental jurisdiction under 28 U.S. § 1367 as to Counts II-IV and that Counts III-IV should be dismissed for failure to state a claim upon which relief can be granted. As the Court will abstain from hearing Counts II-IV, it does not reach these arguments at this time.

[30] Fed. R. Civ. P. 11(b).

[31] Fed. R. Civ. P. 11(c).

[32] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[33] Fed. R. Civ. P. 11(c)(4).

take many forms, including nonmonetary injunctions, monetary penalties, and awards of attorney's fees.[34] As the Supreme Court recently noted, together Rules 11(b) and 11(c) of the Federal Rules of Civil Procedure "allow courts to sanction frivolous arguments made in virtually any context."[35]

Despite broad statutory authority, courts do not impose Rule 11 sanctions lightly. It is generally accepted that sanctions under Rule 11 are appropriate "only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous."[36] The purpose of sanctions is to "deter further frivolous litigation conduct, not to reward or compensate . . . counsel."[37] The "'standard for testing an attorney's conduct is that of what was objectively reasonable under the circumstances,' which requires the attorney to 'conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'"[38]

As an initial matter, Vollers substantively complied with Rule 11(c)(2) in moving for sanctions, filing a separate motion that was served upon Boro before being filed with the Court so that Boro had the opportunity to withdraw the Counterclaim.[39] The Court therefore considers whether sanctions are warranted under the Rule.

---

[34] Fed. R. Civ. P. 11(c)(4). (Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.").

[35] *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1543 (2021).

[36] *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (internal quotation marks and citations omitted).

[37] *OR v. Hutner*, 515 F. App'x 85, 87 (3d Cir. 2013) (imposing sanctions).

[38] *Howe v. Litwack*, 579 F. App'x 110, 115-16 (3d Cir. 2014) (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)).

[39] Pl.'s Mot. Sanctions Ex. 7 [Doc. No. 27 at ECF pages 83-101]. Rule 11(c)(2) states that the motion must not be filed if the challenged claim is withdrawn within 21 days after service or within another time the court sets. Although Vollers waited only 10 days after serving the draft on Boro to file the motion, Vollers had already received

As discussed above, the Counterclaim fails as a matter of law because Boro is not prosecuting a claim for Vollers against the School District. Boro's argument that a claim for contribution against the School District constitutes prosecuting a claim for Vollers frankly makes no sense and is plainly contradicted by the language of the Subcontract. Boro argues that the Counterclaim is only six paragraphs and therefore cannot be said to have multiplied the proceeding, but Boro did not withdraw the Counterclaim when it had the opportunity to do so. Although the Court does not impose sanctions lightly, it is inescapable that the Counterclaim is "patently unmeritorious," and therefore the Court has an obligation to impose sanctions under Rule 11 in the form of the attorneys' fees and costs incurred by Vollers in filing the motion to dismiss and the motion for sanctions.[40]

## IV.  CONCLUSION

For the reasons stated above, the Court will stay Counts II-IV of the Third-Party Complaint, dismiss the Counterclaim, and impose sanctions against Boro and its counsel. An order will be entered.

---

an email response stating that Boro would not be withdrawing its counterclaim.. Pl.'s Mot. Sanctions Ex. 8 [Doc. No. 27 at ECF page 103].

[40] Because the Court has determined that sanctions are warranted under Rule 11, the Court declines to consider the imposition of sanctions under 28 U.S.C. § 1927.